**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 19-12337 |
| | * | |
| ROYAL ALICE PROPERTIES, LLC, | * | SECTION "A" |
| | * | |
| Debtor. | * | CHAPTER 11 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER & REASONS

Before the Court on expedited consideration[1] are *Royal Alice Properties LLC's Motion To Disqualify Barry Goldin as Counsel for Arrowhead Capital Finance Ltd. and To Strike Arrowhead's Opposition and Objection to Debtor's Amended Disclosure Statement* (the "Motion To Disqualify"), [ECF Doc. 174], and Arrowhead Capital Finance, Ltd.'s ("Arrowhead") Opposition thereto, [ECF Doc. 179]. Having considered the Motion To Disqualify, the Opposition, the record, and the applicable law, the Court finds that the Motion To Disqualify should be DENIED.

## RELEVANT BACKGROUND

Royal Alice Properties, LLC (the "Debtor") filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code on August 29, 2019. [ECF Doc. 1]. The Debtor's only assets consist of three real estate properties in the French Quarter neighborhood in New Orleans, Louisiana: (a) 900–902 Royal Street; (b) 906 Royal Street, Unit E; and (c) 910–912 Royal Street, Unit C. [ECF Doc. 2]. According to the Debtor, it "filed for relief under the Bankruptcy Code to stay an imminent foreclosure on its Real Estate Assets filed by AMAG[, Inc.]." *See Disclosure*

---

[1] Royal Alice Properties, LLC moved for expedited consideration of the Motion, which the Court granted. [ECF Docs. 175 & 177]. On May 5, 2020, the Debtor filed a Proposed Agenda for Hearings Scheduled for May 6, 2020, in which it identified the Motion To Disqualify as "contested," but stated that "Debtor does not anticipate need for an evidentiary hearing." [ECF Doc. 184].

1

*Statement for Amended Chapter 11 Plan Dated April 15, 2020* ("Amended Disclosure Statement"), at 10–11 [ECF Doc. 147].

Only two creditors have filed proofs of claim against the Debtor's estate.[2] The first, AMAG, Inc. ("AMAG"), filed a proof of claim alleging a claim in the amount of $4,623,618.26, exclusive of post-petition interest, fees, and costs, secured by the three properties owned by the Debtor. *See* Proof of Claim No. 2. On September 23, 2019, the Debtor initiated an adversary proceeding challenging the amount owed to AMAG. *See Royal Alice Properties, LLC v. AMAG, Inc.*, Adv. No. 19-01133 (Bankr. E.D. La. filed Sept. 23, 2019). On December 20, 2019, AMAG moved to terminate the automatic stay as to 900–902 Royal Street under § 362(d)(4)(A), alleging that the transfer of the ownership of that property by Susan Hoffman, the sole manager/member of the Debtor and who resides at 900–902 Royal Street, to the Debtor on the eve of the Debtor's bankruptcy filing was made without AMAG's consent and as part of a scheme to "delay, hinder, or defraud" AMAG. [ECF Doc. 78].[3]

The second creditor, Arrowhead Capital Finance, Ltd. ("Arrowhead"), filed a proof of claim for $1 million and also initiated an adversary proceeding, alleging in both that the Debtor is liable under alter-ego and/or single-business-enterprise theories, among others, for the unsatisfied obligations of several non-debtor affiliates of the Debtor against which Arrowhead has obtained money judgments. *See Arrowhead Capital Fin., Ltd. v. Royal Alice Properties, LLC*, Adv. No.

---

[2] The Bar Date for non-governmental entities to file proofs of claim against the Debtor's estate was December 2, 2019 and the Bar Date for governmental entities to file proofs of claim was February 26, 2020. [ECF Doc. 63].

[3] Although the Debtor had received approval from the Court to hire bankruptcy counsel, [ECF Docs. 11, 18 & 56], the Debtor filed an *Application To Employ Stillman & Associates as Special Counsel Nunc Pro Tunc to August 29, 2019*, solely "to handle claim objections and litigation against AMAG, Inc. for declaratory relief regarding amounts owed by Debtor to AMAG, Inc." [ECF Doc. 21, ¶ 4]. This Court approved that limited scope of engagement of Stillman & Associates on an interim basis on October 30, 2019, [ECF Doc. 65], and on a final basis on December 3, 2019, [ECF Doc. 76].

2

20-01022 (Bankr. E.D. La. filed Apr. 13, 2020) (the "Arrowhead Adversary").[4]

The Debtor's Amended Disclosure Statement indicates that the Debtor's plan of reorganization entails refinancing the property located at 900–902 Royal Street to allow Hoffman to retain her place of residence and to sell the properties located at 906 Royal Street, Unit E, and 910–912 Royal Street, Unit C, to pay in full the secured debt owed to AMAG. *See* Amended Disclosure Statement, at 10–17. Arrowhead, AMAG, and the United States Trustee each filed objections to the Amended Disclosure Statement. [ECF Docs. 159, 165 & 172].

On May 1, 2020, the Debtor filed the Motion To Disqualify, seeking to disqualify Arrowhead's counsel, Barry Goldin, and to strike Arrowhead's objection to the Amended Disclosure Statement. Citing the Louisiana Rules of Professional Conduct (the "Louisiana Rules") and the American Bar Association's Model Rules of Professional Responsibility (the "Model Rules"), the Debtor argues that Goldin should be disqualified because he is a "necessary witness" in resolving the claims Arrowhead has asserted against the Debtor. *See* Motion To Disqualify, at 2. The Debtor points to the fact that Goldin signed Arrowhead's Proof of Claim and the verification of the Complaint filed in the adversary proceeding. *See id*. Arrowhead opposed the Motion To Disqualify. This Court denied the Motion To Disqualify at a hearing held on May 6, 2020, and, as stated on the record, supports that ruling with this Order & Reasons.

---

[4] On March 5, 2020, the Debtor objected to Arrowhead's Proof of Claim No. 1 (the "Contested Matter"). [ECF Doc. 104]. Arrowhead filed a response to the Debtor's claim objection, [ECF Doc. 122], and the Debtor filed a Reply Brief, [ECF Doc. 124]. This Court held a hearing on the Contested Matter on April 8, 2020, allowed Arrowhead the opportunity to file a Sur-Reply, and took the matter under advisement. [ECF Doc. 129]. On April 16, 2020, this Court issued an Order pursuant to Federal Rule of Civil Procedure 42 and Bankruptcy Rule 7042, consolidating the Contested Matter and the adversary proceeding initiated by Arrowhead, finding that the transactions, facts, and circumstances underlying the Contested Matter arise from the same common nucleus of operative fact and factually and legally overlap substantially, if not entirely, with the claims alleged in the adversary proceeding. [ECF Doc. 151].

## DISCUSSION

"Attorney disqualification is a harsh penalty not to be undertaken lightly." *Key Equip. Fin. v. Cyr (In re Cyr)*, No. 18-50102, 2020 WL 763253, at *2 (Bankr. W.D. Tex. Feb. 14, 2020). "A court should review a request for disqualification with 'fairly strict scrutiny.' Although any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09-6623, 2010 WL 2773116, at *2 (E.D. La. July 9, 2010).

The Fifth Circuit has also instructed that, "[a]s a general rule, courts do not disqualify an attorney on grounds of conflict of interest unless the former client moves for disqualification." *Celanese Corp. v. Leesona Corp. (In re Yarn Processing Patent Validity Litig.)*, 530 F. 2d 83, 88 (5th Cir. 1976). Although an opposing party may raise conflict-of-interest matters, "[s]uch an objection should be viewed with caution . . . for it can be misused as a technique of harassment." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1315 (5th Cir. 1995). Indeed, "[a] disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing." *Id*. at 1316; *see also CEF Funding, L.L.C.*, 2010 WL 2773116, at *2 ("A court must be especially sensitive to the potential for abuse when, as here, the party seeking disqualification is also the one wanting to call the attorney as a witness." (internal quotations and citations omitted)).

In sum, "'[t]he rule of disqualification is not mechanically applied in this Circuit' [but, rather] "[a]ll of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *U.S. Fire Ins. Co.*, 50 F.3d at 1314 (quoting *Church of Scientology of Cal. v. McLean*, 615 F. 2d 691, 693 (5th Cir. 1980)).

In determining whether disqualification of counsel is appropriate, courts must examine the local rules, the rules that govern attorneys practicing in the relevant state court, and the Model Rules. *See CEF Funding, L.L.C.*, 2010 WL 2773116, at *2 (E.D. La. July 9, 2010). This Court's Local Rules incorporate the Louisiana Rules, *see* L.R. 9011-1(C), but "[a] reviewing court also 'consider[s] the motion [to disqualify] governed by the ethical rules announced by the national profession in light of the public interest and the litigants' rights.'" *Kennedy v. Mindprint (In re ProEducation Int'l, Inc.)*, 587 F.3d 296, 299 (5th Cir. 2009) (quoting *In re Am. Airlines, Inc.*, 972 F. 2d 605, 610 (5th Cir. 1992)). "The Fifth Circuit has recognized the ABA Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify." *Id*. Therefore, this Court considers both the Louisiana Rules as well as the Model Rules here.

In the Eastern District of Louisiana, the relevant local rules, the Louisiana Rules, and the Model Rules are identical. The Debtor invokes Louisiana Rule 3.7(a) governing "Lawyer as Witness," which states:

> A lawyer shall not act as advocate **at a trial** in which the lawyer is likely to be a **necessary witness** unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

LA. R. PROF'L CONDUCT 3.7(a) (2004) (emphasis added); *see also* MODEL RULES OF PROF'L CONDUCT r. 3.7(a) (AM. BAR ASS'N 2002). The text of Louisiana and Model Rule 3.7 only precludes a lawyer-witness from acting as an advocate "at trial." *See Amec Constr. Mgmt., Inc. v. FFIC Risk Mgmt.*, No. 13-718, 2017 WL 3602053, at *1 (M.D. La. Aug. 21, 2018) (finding that a lawyer who is likely to be a necessary witness may continue to represent the client at pretrial stage); *Fuller v. Whitehall-Robbins Healthcare (In re Phenylpropanolamine Prods. Liab. Litig.)*,

5

No. MDL 1407, 2006 WL 2473484, at *1 (W.D. Wash. Aug. 28, 2006) (finding that Model Rule 3.7 "relates to testimony at trial, not at the summary judgment stage"). But precedent does exist for disqualifying a lawyer-witness as well as his entire firm from representation at any stage of the proceedings. *See, e.g.*, *Guaranty Corp. v. Nat'l Union Fire Ins. Co.*, No. 90-2695, 1993 WL 165690 (E.D. La. May 10, 1993) (disqualifying lawyer-witnesses, whose actions were themselves at issue in the case, where they were likely to be called as witnesses by opposing counsel at trial and any testimony of plaintiff's lawyers would likely be adverse to plaintiff's interests).

The burden of demonstrating disqualification falls here on the Debtor. *See Duke Investments, Ltd. v. Amegy Bank (In re Duke Investments, Ltd.)*, 454 B.R. 414, 422 (Bankr. S.D. Tex. 2011). But the Debtor has not carried its burden to show that Goldin is "likely to be a necessary witness." When an attorney's testimony is merely cumulative or capable of corroboration by other witnesses, or the information is available from other sources, the attorney is not "likely to be a necessary witness" under Model Rule 3.7(a). *See In re Cyr*, 2020 WL 763253, at *3 (citing *United States v. Starnes*, 157 F. App'x 687, 694 (5th Cir. 2005) (holding the lead prosecutor was not a necessary witness because the prosecutor did not observe anything that was not observed by another agent); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001)). Indeed, to determine whether a lawyer is "likely to be a necessary witness" for purposes of Model Rule 3.7, courts in this district have identified three elements that must be established: (1) the lawyer will give evidence material to the determination of the issues being litigated; (2) the evidence cannot be obtained elsewhere; and (3) the testimony of the lawyer is prejudicial or potentially prejudicial to the testifying attorney's client. *See Douglass v. Valteau*, No. 05-662, 2005 WL 1431510, at *3 (E.D. La. June 9, 2005); *Crutchfield v. Ringler Assoc. New Orleans, Inc.*, No. 01-2720, 2002 WL 726646, at *3 (E.D. La. Apr. 24, 2002); *Michel v. Miller*,

No. 97-2419, 1998 WL 42887, at *3 (E. D. La. Jan. 30, 1998).

The Motion To Disqualify does not identify specifics as to the nature of testimony that Goldin could or would provide exclusively. The Debtor only points to the fact that Goldin executed the Proof of Claim on behalf of his client, Arrowhead, and signed a verification of the Complaint filed in the Arrowhead Adversary against the Debtor. *See* Motion To Disqualify, at 2. The Debtor relies on *In re Duke Investments, Ltd.*, 454 B.R. 414 (Bankr. S.D. Tex. 2011), for the proposition that any attorney who signs a proof of claim on behalf of a client is automatically a necessary witness in a dispute pertaining to the proof of claim, but that reading of *Duke Investments* is misplaced. Although the *Duke Investments* court in dicta advised creditors' counsel against signing proofs of claim, *see id.* at 427, the court denied the motion to disqualify the attorney in that case, finding that the attorney there was not a "necessary witness" because he was not the exclusive source of information or understanding of the disputed evidence and that, even if he were, his testimony would not likely be substantially adverse to his client, *see id.* at 422–26.

Likewise, the Debtor here has not shown that Goldin is the exclusive source of information or knowledge of disputed issues that may arise in the Arrowhead Adversary. Indeed, in its Opposition, Arrowhead identified an employee, Liquidator W. William Woods, as a fact witness who would testify as to contested issues in these proceedings. *See* Opposition, at 5–6 & Ex. 1 (Decl. of Barry Goldin, ¶¶ 12–13). Further, a cursory review of the Complaint and attached exhibits filed in the Arrowhead Adversary suggests that Arrowhead intends to rely heavily upon public documents, affidavits, and other sworn documents from third parties to prove its case. [Adv. No. 20-01022, ECF Doc. 3]. And even if Goldin were a necessary witness, the Debtor has presented no evidence that any testimony Goldin would give would be substantially adverse to his client, Arrowhead.

"Determining whether disqualification is appropriate is a delicate procedure particularly when a motion to disqualify comes at the early stages of the litigation." *Johnson v. Nat'l Assoc. for the Advancement of Colored People*, No. 17-357, 2017 WL 2425915, at *2 (E.D. La. June 5, 2017). The dispute between Arrowhead and the Debtor in this forum is in its infancy. A motion to dismiss filed by the Debtor is pending in the adversary proceeding and is set for hearing on May 13, 2020. [ECF Docs. 11 & 13]. No discovery has been exchanged and no trial date is set. Given that the Debtor's steep burden to prove that disqualification is warranted remains unmet, the Court is unwilling to disqualify Goldin.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's *Royal Alice Properties LLC's Motion To Disqualify Barry Goldin as Counsel for Arrowhead Capital Finance Ltd. and To Strike Arrowhead's Opposition and Objection to Debtor's Amended Disclosure Statement*, [ECF Doc. 174], is **DENIED**.

New Orleans, Louisiana, May 11, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE