# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | § | |
|---|---|---|
| IN RE: | § | CASE NO: 19-12337 |
| | § | |
| ROYAL ALICE PROPERTIES, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *Emergency Motion of Debtor Royal Alice Properties LLC for (a) Reconsideration of the Court's Order Dated September 4, 2020; (b) Authorization To Continue To Prosecute and Defend Adversary Proceedings and/or (c) Stay Pending Appeal* (the "Motion To Reconsider"), filed on September 9, 2020. [ECF Doc. 310]. This Court granted an expedited hearing on the Motion To Reconsider and scheduled the hearing to occur on September 17, 2020, at 4:00 p.m., with any oppositions to be filed on September 15, 2020, at noon. [ECF Doc. 314]. Arrowhead Capital Finance, Ltd. ("Arrowhead") and the United States Trustee ("UST") timely filed oppositions. [ECF Docs. 318 & 320]. Upon review of the Motion To Reconsider, the oppositions filed in response, the record, and applicable law, the Court finds that oral argument is not needed and decides the Motion To Reconsider on the papers, thereby obviating the need for a hearing. For the following reasons, the Motion To Reconsider is GRANTED IN PART and DENIED IN PART.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334 and the Order of Reference of the District Court dated April 11, 1990. The matters presently before the Court constitute core proceedings that this Court may hear and determine on

a final basis under 28 U.S.C. § 157(b). The venue of the Debtor's chapter 11 case is proper under 28 U.S.C. §§ 1408 and 1409(a).

## RELEVANT BACKGROUND

Royal Alice Properties, LLC (the "Debtor") filed for chapter 11 bankruptcy relief on August 29, 2019. After considering the evidence presented over the course of a four-day trial, applicable law, and the arguments of the parties, on September 4, 2020, this Court issued a Memorandum Opinion and Order, granting the requests of the UST and creditor Arrowhead to appoint a trustee pursuant to § 1104(a), among other things, and issued an Order instructing the United States Trustee to appoint a trustee in this case (the "Sept. 4 Orders"). [ECF Docs. 308 & 309].

On behalf of the Debtor, current management and counsel now move pursuant to Federal Rule of Civil Procedure 59, made applicable here by Bankruptcy Rule 9023, and request this Court to reconsider its Sept. 4 Orders in two major ways. First, the Debtor requests this Court allow Susan Hoffman, the current member/manager of the Debtor, "to conduct the day-to-day repairs and management" of Debtor's immovable properties and to limit the powers of the trustee only to "financial management of the Debtor and supervision of the plan of reorganization." Motion To Reconsider, at 2. Second, the Debtor requests that current management and counsel be allowed to continue the prosecution of the Debtor's causes of action in the adversary proceeding filed against secured creditor, AMAG, Inc., (Adv. No. 19-1133) (the "AMAG Adversary"), and the defense of the adversary proceeding against the Debtor filed by creditor Arrowhead, which seeks to hold the Debtor liable for the judgment debts of insiders and non-debtor affiliates of the Debtor under a single-business-enterprise theory, (Adv. No. 20-1022) (the "Arrowhead Adversary"). *Id.* at 3–6.

The Debtor further states, "[i]f the Court declines to grant in substantial part the relief requested in this Emergency Motion, the Debtor will be constrained to appeal the 9/4 Order." *Id.* at 6. The Debtor asks for a stay pending appeal pursuant to Bankruptcy Rule 8007(a). *Id.* at 6–7.

## LAW AND DISCUSSION

### I. The Court will GRANT IN PART and DENY IN PART the Motion To Reconsider

#### A. Standard of Review for Motions To Reconsider

Pursuant to Bankruptcy Rule 9023, a party may file a motion "to alter or amend a judgment" no later than fourteen days after entry of judgment. FED. R. BANKR. P. 9023. "To prevail on a motion to alter or amend, the movant has the burden of establishing one of the following: '(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.'" *In re Baribeau*, 603 B.R. 797, 800 (Bankr W.D. Tex. 2019) (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). But a Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotations and citations omitted). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *McDonald v. Entergy Operations, Inc.*, No. 03-CV-241, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005).

In the Fifth Circuit, relief under Rule 59 is an "extraordinary remedy that should be used sparingly." *Id.* at 479. "A trial court has 'considerable discretion' in deciding a motion to alter or amend and 'the trial court must strike the proper balance between . . . (1) finality, and (2) the need

3

to render just decisions on the basis of all the facts.'" *In re Baribeau*, 603 B.R. at 800 (quoting *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993)).

The Debtor asserts that "[t]he grounds for reconsideration are a clear matter of law or a matter not previously considered by this Court." Motion To Reconsider, at 2.

### B. This Court Will Not Amend Its Order To Limit the Trustee's Ability To Fulfill His Duties Under § 1106 of the Bankruptcy Code

Stating that "the 9/4 Order is in error to the extent of its appointment of a Chapter 11 trustee with plenary powers," the Debtor asks this Court to bifurcate the chapter 11 trustee's role "to define those matters for which the trustee will have plenary discretion and those matters with which the trustee will cooperate with the Debtor." Motion To Reconsider, at 2–3. Specifically, the Debtor requests that Susan Hoffman be left in control of maintenance on the buildings owned by the Debtor. *See id*. The Debtor does not explain how the Court's appointment of a trustee to operate the Debtor's business is a clear error of law.

This Court appointed a trustee because the evidence showed a lack of transparency and breach of the duties of management in operating the Debtor's business and keeping the Court and creditors informed of the true status and condition of the Debtor's business, as well as the serious conflicts of interest possessed by current management of the Debtor. The Debtor's creditors, the UST, and this Court must be accurately informed regarding how much money is actually coming into the estate, the real expenses of the Debtor, and the source of the money is that is being used to pay those expenses. Susan Hoffman asks this Court to allow her to maintain the Debtor's properties without the need to obtain consent from the trustee for repairs or improvements; however, that would allow Susan Hoffman *carte blanche* spending on behalf of the Debtor to maintain the properties and would run counter to the Trustee's ability to rehabilitate the Debtor's

operations, reconcile the expenses of this Debtor with its income, and perform his duties under § 1106 of the Bankruptcy Code.

The Court has reviewed the cases cited by the Debtor. Unlike the businesses in those cases, the operation of the business of this Debtor requires no technical expertise that cannot be provided by the trustee. Therefore, this Court declines to bifurcate or limit the § 1106 powers and duties of the Trustee to operate the Debtor's business here.

### C. This Court Will Amend Its Sept. 4 Orders *Only* To Allow Current Management and Counsel To File an Opposition to AMAG's Motion for Summary Judgment and a Reply Brief in Support of the Debtor's Motion for Summary Judgment in the AMAG Adversary

Current management and counsel for the Debtor wish to (i) continue prosecuting the AMAG Adversary filed by the Debtor against AMAG challenging the amount owed to AMAG and (ii) continue defending the Arrowhead Adversary. Current management and counsel are concerned that the trustee "will not aggressively prosecute and defend" those adversary proceedings, but do not cite any case law in support of their request. Motion To Reconsider, at 4.

This Court does not share the concern that current management and counsel have regarding the vigor with which the trustee will prosecute or defend the interests of the Debtor in the adversary proceedings. The trustee, as a fiduciary of the estate, must act to benefit the estate as a whole. That said, courts have held that parties in interest are entitled to intervene in adversary proceedings upon request, solely as a consequence of their rights under § 1109(b) of the Bankruptcy Code. *See, e.g.*, *Assured Guaranty Corp. v. The Fin. Oversight & Mgmt. Bd. for Puerto Rico (In re Fin. Oversight & Mgmt. Bd for Puerto Rico)*, 872, F.3d 57 (1st Cir. 2017); *Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re The Caldor Corp.)*, 303 F.3d 161 (2d Cir. 2002); *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848 (Bankr. S.D.N.Y. 2002). Nothing

5

prohibits current management of the Debtor from requesting intervention in either adversary to protect their interests.

But as the *Adelphia* court observed: "[H]aving standing to raise issues and to appear and be heard—as parties in interest have under section 1109(b)—does not equate to ownership of the causes of action in question." 285 B.R. at 851. "Intervenors *may* have the right to propound discovery requests, to notice depositions and/or to question at depositions, to ask questions at trial or to have rights with respect to settlement even when they do not 'own' the underlying cause(s) of action, but that is not free from doubt." *Id*. at 856–57. This Court "may control the proceedings before [it] even after intervention, and, if necessary, limit actions by intervenors or require coordination, in the interests of judicial economy, avoiding harassment or excessive burdens, or otherwise in the interest of justice." *Id*. at 857 (citing Shore v. Parklane Hosiery Co., 606 F.2d 354, 356–57 (2d Cir. 1979)). Therefore, this Court will wait until any motions to intervene and specific requests for participation are filed in those adversary proceedings before making decisions regarding the level and degree of participation intervenors may enjoy.

Because the interests of the Debtor and current management are aligned in both of the adversaries, this Court expects that the Trustee and current managers of the Debtor will work closely with one another to prosecute the AMAG adversary and defend the Arrowhead adversary efficiently. This Court appointed a trustee to operate the Debtor's business, investigate and protect its assets (including causes of actions belonging to the estate), file a plan of reorganization or recommend conversion or dismissal of the case, and perform all other duties identified in § 1106. That said, at the request of the parties to the AMAG Adversary, this Court held a status conference in that case on Friday, September 11, 2020, at which the parties agreed to adjust certain deadlines. Currently, cross-motions for summary judgment are pending before the Court. [ECF Docs. 51 &

56]. Both parties believe that all claims can be resolved via summary judgment without the need for a trial. Oppositions had been scheduled to be filed by the Debtor and AMAG on September 11; however, the Court, with the agreement of the parties, reset that deadline and those oppositions are now due on September 18, 2020, with reply briefs, if any, due on September 23, 2020. [ECF Doc. 70.] Because the majority of work for completing the oppositions has been essentially completed, leaving only reply briefs to be filed, this Court, in the interest of economy, is willing to modify its Sept. 4 Orders *solely* to reflect that current management and counsel of the Debtor is permitted to complete the briefing on the cross-motions for summary judgment. That will allow this Court to consider the cross-motions for summary judgment expeditiously. If the claims alleged in the AMAG adversary are not resolved through summary judgment, the four-day trial in this matter, previously set to begin October 6, 2020, will instead begin on October 26, 2020. [ECF Doc. 70]. For clarity, the trustee appointed in this case will assume responsibility and control over the AMAG Adversary on behalf of the Debtor after the Debtor's reply brief in support of its motion for summary judgment, if any, is submitted on September 23. As of September 4, 2020, the trustee assumed full control over the Arrowhead Adversary and will act on behalf of the Debtor.

## II. This Court Denies the Request for a Stay Pending Appeal

Current management and counsel requested on behalf of the Debtor a stay of the Sept. 4 Orders pending appeal pursuant to Bankruptcy Rule 8007. "A stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 is an 'extraordinary remedy,' not a matter of right." *In re Raborn*, No. 15-10938, 2017 WL 4536090, at *1 (Bankr. M.D. La. May 9, 2017) (quoting *Belcher v. Birmingham Tr. Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968)). The relief is left to the Court's discretion. *See In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987). To be entitled to a stay pending appeal, a party must establish four elements which track the elements for entry of a

preliminary injunction: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *See In re First S. Sav. Ass'n*, 820 F.2d at 709 (footnotes and citation omitted). The Debtor must satisfy all four of those criteria to prevail. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

The Debtor included a two-paragraph request for a stay pending appeal in its Motion To Reconsider. In those two paragraphs, the Debtor makes no argument regarding its likelihood of success on the merits in an appeal.[1] To show irreparable harm, the Debtor states:

> If the 9/4 Order is not stayed pending appeal, the process of appointment of a trustee and any actions by a trustee advocating for the interests of AMAG are likely to be contentious and could substantially prejudice the Debtor's rights in the Adversary Proceedings or seek to dispose of the Real Property Assets. Such actions could cause irremediable damage to Debtor and substantially delay these proceedings.

Motion To Reconsider, at 6–7. Again, this Court disagrees with the Debtor's assumption that a trustee appointed by the UST in this case would violate its fiduciary duties to the estate and "advocate[e] for the interests of AMAG" or any other creditor individually. The statements by the Debtor are not based in fact, but moreover, do not demonstrate irreparable harm.

The Debtor made no argument regarding harm to other parties or service in the public interest and has not met its burden to justify a stay pending any appeal of this Court's Sept. 4

---

[1] Although a district court reviews a bankruptcy court's conclusions of law *de novo*, the district court reviews findings of fact under the more stringent clearly erroneous standard. *In re Babcock & Wilcox*, Nos. 00-1154, 00-10992, 2000 WL 533492, at *3 (E.D. La 2000) (citing *In re First S. Sav.*, 820 F.2d at 711)). "The Court must accept the bankruptcy judge's findings of fact unless although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (internal quotations and citations omitted).

Orders. Therefore, the Court denies the Debtor's request for a stay pending appeal, as neither the law nor the facts support the relief requested.

## CONCLUSION

For the foregoing reasons, this Court GRANTS IN PART and DENIES IN PART the *Emergency Motion of Debtor Royal Alice Properties LLC for (a) Reconsideration of the Court's Order Dated September 4, 2020; (b) Authorization To Continue To Prosecute and Defend Adversary Proceedings and/or (c) Stay Pending Appeal.*

New Orleans, Louisiana, September 16, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE